NOT DESIGNATED FOR PUBLICATION

Nos. 116,508
116,518

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of
S.J.C., YOB: 2002, a Male,
and
S.J.C., YOB 2006, a Female.

MEMORANDUM OPINION

Appeal from Riley District Court; SHELIA HOCHHAUSER, judge. Opinion filed May 12, 2017.
Affirmed.

*Christopher Bailey*, of Manhattan, for appellant.

*Bethany C. Fields*, deputy county attorney, and *Barry R. Wilkerson*, county attorney, for appellee,
and *Blake A. Robinson*, guardian ad litem.

Before GARDNER, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*:  On July 14, 2016, the district court adjudicated C. J.'s (Mother) children, S.J.C. (Boy) born in 2002, and S.J.C. (Girl) born in 2006, as children in need of care. Mother appeals and argues the court's findings were due to her financial condition rather than carelessness, willful neglect, or abuse and there was not clear and convincing evidence to adjudicate the children as children in need of care. We find the district court had clear and convincing evidence based on neglect, school attendance, and the lack of care for the children's physical and emotional needs to adjudicate them as children in need of care. The district court is affirmed.

1

On April 8, 2016, Officer Girard was dispatched to Mother's home to conduct a welfare check on Boy and Girl. Officer Girard and the principal of the children's elementary school, went to the house and found the children home alone. Boy was not in school because he had been suspended and Girl was not feeling well. At the time, Boy said Mother had just left to go to the store. Sergeant Hagemeister, also present, noticed minimal food in the home, possibly enough for 1 to 2 days.

Girl went to school and spoke with the principal further and it was determined the children had been home alone since Tuesday April 5, 2016. Officers returned to the home to talk to Boy, who was not home. Officers spoke with a neighbor who stated the children were staying with her and she had prepared them for school that morning. The neighbor confirmed Mother, along with her boyfriend, had left earlier in the week. The neighbor stated Mother called every day about the children. Sgt. Hagemeister contacted Mother who told him she was temporarily working at a casino in Topeka. She stated she would try to get off work earlier than 5 p.m. and return to Manhattan. As of 7:30 p.m., Sgt. Hagemeister had not heard from Mother.

Boy was located at the library and both children were placed in police protective custody for out-of-home-placement. On Saturday April 9, 2016, Mother called and talked to Sgt. Weiszbrod and stated she did not remember talking to Sgt. Hagemeister on Friday because she was too intoxicated. On Sunday April 10, 2016, Mother spoke with Officer Lloyd and wanted more information on how to get her children back.

On April 11, 2016, the State filed a petition to find the children to be children in need of care. On April 13, 2016, an order for a temporary custody hearing was filed. A hearing was held the same day and the district court placed the children in the custody of the Department of Children and Families with recommended placement at Mother's home. Further, the court ordered the family to work with Family Preservation and follow its recommendations. The court stated the children were not to be left at home alone and

2

they were not to be left in Manhattan without an appropriate adult caregiver when Mother was out of town for more than 12 hours. The court also appointed a CASA.

A hearing was held on July 14, 2016. There was testimony concerning the children's school attendance. Boy was on an out-of-school suspension as of April 7, 2016, and to return to school a parent had to come talk with a school administrator. Mother did not contact the school to get Boy back into class. As of May 12, 2016, Boy was suspended from school for the rest of the year. Girl had 6 and 1/2 days of unexcused absences and 2 excused absences.

There was testimony that Mother, her boyfriend, and the children had stayed at the Manhattan Emergency Shelter from February 27, 2016, to March 30, 2016. Mother and the children's stay ended due to a cleanliness violation. Shelter staff testified they issue written warnings and if someone receives a certain number of warnings their stay is terminated. Shelter staff observed Mother and children yelling for someone to call the police because the boyfriend was "tripping." They were all visibly upset.

Mother testified she did not have a personal cell phone at the time the children were taken into police protective custody. She also did not have a vehicle of her own and relied on others to provide her transportation. Her job at the casino was from Wednesday through Friday of that week and she had gotten the job through Labor Max in Manhattan. When she was working at the casino and had spoken with Sgt. Hagemeister about the children, she believed she would have a ride home that evening but ended up not being able to get back to Manhattan.

At the time of trial, Mother was no longer with the boyfriend. Mother stated she and the children moved around a lot due to an abusive relationship and the children had been in five different schools for the 2015-2016 school year. Her boyfriend had not been the abuser, but there was a restraining order between her and the boyfriend.

3

Mother testified Boy was different and not accepted by his peers. He had struggled his whole life with emotional issues. Mother stated she had met with teachers, counselors, and principals to try and address his issues but had not taken him to a therapist.

After the hearing, the district court found both children were children in need of care pursuant to K.S.A. 2016 Supp. 38-2202(d)(1), (d)(2), (d)(3), (d)(6), and (d)(11). Specifically, the court found Mother had been "extremely irresponsible regarding these children." First, the court stated there was a "remarkable lack of responsibility on the part of [the] Mother." It was also concerned Mother had left her children with someone she barely knew. Further, the court found it troubling that the police and the school could not reach her, she did not remember speaking to the officer on the phone, and she could not get herself back to Manhattan to get her children after being told the police were concerned about their wellbeing. Mother testified she had recognized for a long time that Boy had ongoing emotional issues that had left him ostracized and sometimes bullied at school. Although she had discussed the situation with teachers and school administrators, she had never arranged for Boy to see a therapist. In addition, the court stated it had grave concerns about delusions Mother had that she had been in contact with teachers and the principal when the testimony at the hearing demonstrated the exact opposite. The court left the children in DCF custody and in Mother's home.

On appeal, Mother argues the district court's findings were due to her financial condition rather than carelessness, willful neglect, or abuse and there was not clear and convincing evidence to adjudicate the children as children in need of care.

The burden is on the State to prove "by clear and convincing evidence that the child is a child in need of care." K.S.A. 2016 Supp. 38-2250. Clear and convincing evidence is that "which is sufficient to establish that the truth of the facts asserted is

4

'highly probable.'" *In re B.D.-Y.*, 286 Kan. 686, 696, 187 P.3d 594 (2008). The Kansas Supreme Court has stated:

> "[W]hen an appellate court reviews a trial court's determination that a child is in need of care, it should consider whether, after review of all the evidence, viewed in the light most favorable to the State, it is convinced that a rational factfinder could have found it highly probable, *i.e.*, by clear and convincing evidence that the child was a CINC." 286 Kan. at 705.

In making this determination, we do not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact. 286 Kan. at 705. To the extent the review of this issue requires us to interpret K.S.A. 2016 Supp. 38-2202(d) is a question of law over which we have unlimited review. *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015). The legislature has made it clear that the Revised Kansas Code for Care of Children shall be liberally construed to carry out the policies of the State. K.S.A. 2016 Supp. 38-2201(b).

Here, the district court determined that the children fit the statutory definition of child in need of care under K.S.A. 2016 Supp. 38-2202(d).

Under K.S.A. 2016 Supp. 38-2202(d)(1)—without adequate parental care, control, or subsistence and the condition is not due solely to the lack of financial means of the child's parents or other custodian—the district court found the children had been left with someone Mother barely knew from Tuesday to Friday. When Officer Girard, the principal, and Sgt. Hagemeister went to the Mother's home and found the children alone, there was only enough food for 1 to 2 days. Mother was in Topeka working a temporary job and stated she would return that Friday evening by 5 p.m. By 7:30 p.m., Sgt. Hagemeister had not heard from Mother and put the children in police protective custody for their safety. This factor was met with clear and convincing evidence, as the children did not have adequate care as they were at their house alone. This factor is not met due to Mother's financial situation, but

5

because she left the children with someone she hardly knew and who did not keep track of her children. In addition, she did not contact Sgt. Hagemeister to let him know she would not make it back that Friday evening. This factor has been met.

Under K.S.A. 2016 Supp. 38-2202(d)(2)—without the care or control necessary for the child's physical, mental, or emotional health—the district court found the children were clearly without the care or control necessary for their physical needs, as they were not supervised when the Mother was out of town. They also lacked the necessary emotional needs, which was demonstrated by the testimony of the shelter staff when the children and Mother were running from the Boyfriend and yelling for someone to call the police. The children were visibly upset. Further, Boy's emotional needs were not met, as Mother knew he had struggled with significant emotional issues for years, yet she did not provide him with any counseling services. Mother testified he was not accepted by his peers, yet she had not taken any action to help him. This factor has been met with clear and convincing evidence.

Under K.S.A. 2016 Supp. 38-2202(d)(3)—physically, mentally, or emotionally abused or neglected or sexually abused—the district court found that the children had been neglected. This was demonstrated by the children being left with a near stranger while Mother went to work in Topeka for 3 days. The children were not supervised, as neither went to school and both were found at Mother's home by officers and the school principal. Further, when Mother was notified about the children being taken into police protective custody, she did not come back from Topeka and did not contact the officers to let them know she could not make it back due to transportation trouble. This factor was not met because of Mother's financial situation but because she left her children with someone who was not capable of watching them, she did not contact law enforcement, and she did not even remember the conversation she had with Sgt. Hagemeister that Friday because she was too intoxicated. This factor has been met with clear and convincing evidence.

6

Under K.S.A. 2016 Supp. 38-2202(d)(6)—not attending school as required by K.S.A. 2016 Supp. 72-977 or 72-1111—there was clear and convincing evidence for the district court to find the children were not attending school as required. K.S.A. 2016 Supp. 72-1111 states, in regard to compulsory school attendance, that a parent shall require a child under their control who is at least the age of 7 and under 18, to regularly attend continuously each school year at either a private or public school. Here, Boy was on suspended from school as of April 7, 2016, and to return to school a parent had to talk to a school administrator. Mother never contacted anyone to get Boy back in school. Then, as of May 12, 2016, Boy had been suspended from school for the rest of the year. Girl had 6 and 1/2 days of unexcused absences and 2 excused absences during a fairly brief period of time. In addition, there was testimony that the children had attended five different schools for the 2015-2016 school year. This factor has been met.

Under K.S.A. 2016 Supp. 38-2202(d)(11)—residing in the same residence with a sibling or another person under 18 years of age, who has been physically, mentally or emotionally abused or neglected, or sexually abused—the district court found there was clear and convincing evidence that the children resided in the same residence with a sibling who had been neglected. As analyzed in factor 1, 2, and 3 there was sufficient evidence to demonstrate both children had been neglected based on Mother's behavior, and not on her financial situation, and on her lack of action for Boy's emotional health issues. This factor has been met.

Because there was clear and convincing evidence, particularly looking at the evidence in the light most favorable to the State, the children were properly adjudicated as children in need of care. See *In re B.D.-Y.*, 286 Kan. at 705. The district court's findings is affirmed.

Affirmed.

7